911 F.2d 722
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert HOLLEY, Plaintiff-Appellant,
v.
Bishop ROBINSON, Mason Waters, Mr. Herndon, Defendants-Appellees.
 No. 89-6426.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 20, 1990.
Decided July 26, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Chief District Judge. (C/A No. 89-3156)
 Robert Holley, appellant pro se.
 D.Md.
 VACATED AND REMANDED.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Holley, currently an inmate at the Maryland Correctional Institution at Hagerstown (MCI-H), appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 suit under 28 U.S.C. Sec. 1915(d). Holley v. Robinson, C/A No. 89-3156 (D.Md. Nov. 22, 1989).
 
 
 2
 Holley claimed that in March 1989 he experienced several instances of shortness of breath. He believes these episodes were caused by inhaling asbestos particles which came from pipe insulation in the annex where Holley was housed. He also claims that he is forced to share a cell built for a single inmate and that he is forced to breath cigarette smoke from this other inmate. Holley claims that these problems constitute violations by the defendants of the consent decree entered in Johnson v. Galley, No. H-77-113, on June 8, 1987. Holley requests monetary and injunctive relief.
 
 
 3
 Holley claims that the decree in Johnson stated that members of the plaintiff class were not waiving their right to pursue individual claims for monetary relief arising from conditions the decree is designed to correct. The district court held that the claims regarding conditions at MCI-H are controlled by stipulation between the parties in Johnson. Therefore, the court held that Holley, as a class member, should bring his concerns to the attention of class counsel.
 
 
 4
 The district court improperly dismissed this case under Sec. 1915(d). This Court holds that before a class member may be barred from pursuing an individual claim for damages he must have been notified that he was required to litigate his damage claims as part of the class action suit. Wright v. Collins, 766 F.2d 841, 847 (4th Cir.1985). We noted that a rule precluding separate damage claims would hamper the class action suit by increasing the size of the action and affecting the adequacy of the class representatives, resulting in unmanageable class litigation. Id. at 849. Therefore the Johnson litigation does not prevent Holley from bringing a suit for damages under Sec. 1983 unless he has waived that right as a member of the plaintiff class.
 
 
 5
 Also, dismissal pursuant to Sec. 1915(d) is inappropriate in this case because Holley states arguable claims under Sec. 1983. While prison overcrowding is not in itself cruel and unusual punishment, it is a relevant factor if it causes other deprivations and disadvantages to be placed in the prison population. Holley's claim regarding exposure to asbestos is also not frivolous. See Rice v. North Carolina Dep't of Corrections, No. 88-6788 (4th Cir. Apr. 4, 1989) (unpublished) (exposure to asbestos from deteriorating insulation on pipes arguably states a claim and was not properly dismissed under Sec. 1915(d)). Finally, Holley's allegation regarding his exposure to cigarette smoke arguably states a claim under Sec. 1983. See Avery v. Powell, 695 F.Supp. 632 (D.N.H.1988) (exposure to environmental tobacco smoke may constitute punishment for purposes of eighth amendment).*
 
 
 6
 The record does not show that Holley was ever notified that he is barred from seeking individual damage claims under Sec. 1983. Indeed, Holley claims that the parties in Johnson have stipulated otherwise. Therefore, since Holley has stated arguable claims under Sec. 1983, the decision of the district court is vacated and the case remanded to determine if Holley did waive his right to pursue monetary damages and, if not, whether Holley is entitled to monetary relief.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in this record and oral argument would not aid the decisional process.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 See also Wilson v. Lynaugh, 878 F.2d 846 (5th Cir.1989) (An inmate's claim regarding his exposure to environmental tobacco smoke was dismissed under Sec. 1915(d) because he had previously filed the same claim which was dismissed on summary judgment. The current decision should not be used to foreclose these types of claims.), cert. denied, 58 U.S.L.W. 3321 (U.S. Nov. 13, 1989) (No. 89-5813). But see Gorman v. Moody, 710 F.Supp. 1256 (N.D.Ind.1989) (summary judgment granted against inmate's suit regarding exposure to tobacco smoke because he failed to state a claim upon which relief could be granted)